[Civ. No. 65139. Second Dist., Div. Two. Nov. 30, 1982.]

GEORGINA ZAPATA et al., Plaintiffs and Respondents, v.
MARION WOODS, as Director, etc., Defendant and Appellant.

EUNICE HOLMES et al., Plaintiffs and Respondents, v.
MARION WOODS, as Director, etc., Defendant and Appellant.

COUNSEL

George Deukmejian and John K. Van de Kamp, Attorneys General, Thomas E. Warriner, Assistant Attorney General, Anne S. Pressman and John H. Sanders, Deputy Attorneys General, for Defendant and Appellant.

Hugh Harrison and Howard Watkins for Plaintiffs and Respondents.

OPINION

**ROTH, P. J.**—The facts pertinent to our disposition herein are not in dispute and may be summarized briefly as follows. In July of 1977, respondent Georgina Zapata applied for benefits under the aid to families with dependent children (AFDC) welfare program. (Tit. IV-A of the Social Security Act of 1935, 42 U.S.C. § 601 et seq. (the Act).) That application was denied by the Los Angeles County Department of Social Services and, after hearing, the

denial was sustained by appellant on the ground that the only child in the family unit, Georgina's son, was already receiving assistance under the supplemental security income for aged, blind and disabled (SSI) program. (Tit. XVI of the Act, 42 U.S.C. § 1381 et seq.)[1]

Similar determinations were made by appellant respecting respondents Alfred Long, Eunice Holmes and Selma Haskins, except that in these cases AFDC aid was discontinued, upon a showing the dependent children of the parties started receiving SSI benefits.

Underlying appellant's decisions were the facts that (a) state law requires that in order to qualify for AFDC benefits each needy family must contain "one or more needy children qualified for aid" (Welf. & Inst. Code, § 11450) and that (b) appellant's interpretation of this requirement, as reflected in its regulations, is that a child receiving SSI is not, i.e., cannot be, for purposes of the state statute, a "needy child." (See Welf. & Inst. Code, § 11202.) Put otherwise, it is appellant's position that if the only minor child in a family unit applies for and receives SSI, the child's parent or guardian is not entitled to benefits under the AFDC program as a "caretaker relative," such that disqualification of the child as an AFDC beneficiary likewise disqualifies the family unit.[2] (See fn. 1.)

That this is so, urges appellant, is manifested by certain decisions of the United States Supreme Court which make clear the question of need vis-à-vis the AFDC program is one to be resolved by the respective participating states. Thus, as was said in *Burns* v. *Alcala* (1975) 420 U.S. 575 at page 578 [43 L.Ed.2d 469, 474, 95 S.Ct. 1180], "The Court has held that under § 402 (a)(10) of the Social Security Act, 42 U.S.C. § 602(a)(10), federal participation in state AFDC programs is conditioned on the State's offering benefits to all persons who are eligible under federal standards. The State must provide benefits to all individuals who meet the federal definition of 'dependent child' *and who are 'needy' under state standards,* unless they are excluded or aid is made optional by another provision of the Act. *New York Dept. of Social Services* v. *Dublino,* 413 U. S. 405, 421-422 (1973); *Carleson* v. *Remillard,* 406 U. S. 598 (1972); *Townsend* v. *Swank,* 404 U. S. 282 (1971); *King* v. *Smith,* 392 U. S. 309 (1968). . . ." (Italics added.)

[1]As pointed out by respondents, both AFDC and SSI are cooperative federal-state cash benefit welfare programs (see Welf. & Inst. Code, § 12000 et seq.); the first intended to aid needy families with dependent children, the second to assist needy aged, blind or disabled individuals, as defined, under specified circumstances.

While one might meet the eligibility requirements of each, federal law prohibits an *individual* from receiving moneys from both programs. (See 42 U.S.C. § 602(a)(24).)

[2]The same result would follow, of course, if more than one child is involved, so long as all the children were receiving SSI.

The term "caretaker relative," used in the briefs herein, is a shorthand expression for the "relative with whom any dependent child is living," a phrase of art referred to in 42 U.S.C. § 606(b) and defined in 42 U.S.C. § 606(c).

Respondents, on the other hand, maintain that the language used by the court in *Burns* cannot properly be understood as applying to a situation where the federal legislation involved is itself dispositive, since under such circumstances a contrary posture of a state is violative of the supremacy clause of the United States Constitution. That this principle is at work under the facts present, respondents say, is evident from the provisions of 42 United States Code section 602(a)(24) to the effect that "[I]f an individual is receiving benefits under Title XVI [SSI], then, for the period for which such benefits are received, such individual shall not be regarded as a member of a family *for purposes of determining the amount of benefits of the family under this title [AFDC]* and his income and resources shall not be counted as income and resources of a family under this title [AFDC] . . . ." (Italics added.)

■ The conflicting contentions of the parties were presented below by the filing by respondents on January 27, 1978, of their class action for declaratory and injunctive relief and for peremptory writs of mandate.[3] Following trial on July 9, 1980, the trial court in a soundly reasoned and well articulated memorandum of intended decision, which with minor deletions and the addition of footnotes we adopt hereinafter as our own, set out its rationale for the judgment in respondents' favor entered April 20, 1981, from which this appeal is taken.[4]

So, the trial court opined that: "The principal substantive issue is whether federal statutes and regulations prevent the State of California from providing, as it does, that where the only minor dependent child or children in a family

---

[3]The action was certified as a class action on December 11, 1979, with the class consisting of "All persons in California who qualify under the Social Security Act as needy relatives with whom dependent children are living and who have been or will be denied AFDC benefits pursuant to Welfare and Institutions Code § 11203 and the Eligibility and Assistance Standards Provision of the Manual of Policy and Procedure §§ 44-205 and 44-206, on the sole grounds that all of the dependent children in the relatives' care are receiving Supplemental Security Income."

[4]The judgment provides in part that "The provisions of Welfare and Institutions Code § 11203 and the provisions [regulations] EAS §§ 44-205 and 44-206 are inconsistent with and contravene the Social Security Act and are void and of no effect insofar as they deny AFDC benefits to the plaintiffs and members of the class. [¶] Defendant/respondent, [appellant] [and] . . . those acting in his behalf, . . . or participating with him, . . . are hereby permanently enjoined from denying or terminating AFDC to members of the class on the sole ground that all dependent children in the family unit are receiving SSI, and are further permanently enjoined from enforcing or implementing Welfare and Institutions Code § 11203 and EAS §§ 44-205 and 44-206, or any other subsequent state statute, regulation or policy insofar as such statute, regulation or policy operates to deny or terminate AFDC to members of the class on the sole ground that all dependent children in the family unit are receiving SSI, so long as there is no change in applicable federal law to the contrary. [¶] The plaintiffs and those members of the class who either applied for AFDC and were denied or who were terminated from AFDC shall be entitled to the restoration of all AFDC benefits so unlawfully withheld or denied retroactively from January 27, 1975, or the date of their termination from, or applications for, AFDC, if later, provided that defendant shall retain the discretion to deny or limit the amount of the grant on any other applicable ground not directly related to this lawsuit."

otherwise entitled to Aid to Families with Dependent Children (hereinafter 'AFDC') are receiving Supplemental Security Income (hereinafter 'SSI'), such family is ineligible for AFDC benefits.

"Welfare and Institutions Code section 11450(a) states that in order to qualify for AFDC benefits, there must be 'one or more needy children qualified for aid under this chapter.' The state contends that a child receiving SSI benefits is not a 'needy child' and has carried this determination into its regulation 44-206, the effect of which is to categorically exclude from inclusion in the 'Family Budget Unit' a child receiving SSI. The state justifies this holding with the reasoning that a child receiving SSI is not 'needy' and, therefore, cannot be used to qualify an otherwise eligible family for AFDC.

"Plaintiffs attack the state's determination, contending that under federal law a child receiving SSI is necessarily 'needy' and, therefore, that the state is without power to provide to the contrary. Plaintiffs seek a ruling declaring invalid, as in conflict with federal law, section 11450(a) (insofar as it implies a contrary conclusion) and regulation 44-206, insofar as it excludes from the 'Family Budget Unit' a child who receives SSI. The issues are significant, involving by the state's estimate approximately 4,500 families who would otherwise be eligible for AFDC and approximately $16,000,000 per year of expenditures.

"California's principal defense is based upon its argument that, although a child receiving SSI is a 'dependent child' within the meaning of the federal government's AFDC statutes, nevertheless there is reserved to the states to determine whether such a child is 'needy.' The argument is that the state has determined that a child receiving SSI is not 'needy' so as to be counted in determining whether a family qualifies for AFDC.[5] The net result of the state's position is that where a family eligible for AFDC contains only a child or children who are also eligible for SSI, the family must elect whether to accept the SSI benefits for the child or the AFDC benefits for the family, including the child.

"AFDC is a cooperative federal-state welfare program established in Title IV(a) of the Social Security Act, 42 USC § 601, et seq. Under the program, federal and state sources of funds are used to provide aid to families who have dependent children. All states participate in the program. A basic concept of the program is that aid is provided not only for a child but to a family unit as described in the Act. Each state may provide its own eligibility requirements if consistent with federal law. Primarily, the program is used to provide welfare

---

[5]Welfare and Institutions Code section 11452 establishes a minimum basic standard of adequate care (MBSAC) standard of need in dollar amounts. Testimony of appellant's witness was to the effect that in 1978 and 1979 the SSI grant figure for a child was less than the MBSAC for a two-person budget entitling AFDC. In strictly monetary terms, therefore, respondents would have been eligible for some AFDC aid, even if the SSI benefit were taken into consideration.

to split families where there is insufficient income to support the family unit. SSI (42 USC § 1381), on the other hand, is a program for aid to a handicapped child. It is funded by the federal government, although most states, including California, have a supplementary program. SSI is available to provide welfare for 'needy' handicapped children. The overlap which was the genesis of this lawsuit occurs where there is a child eligible for SSI in a family also eligible for AFDC. California agrees that a child in that situation is a 'dependent child'· and, therefore, that requisite for eligibility under AFDC is satisfied. However, the state nevertheless contends that under Social Security law as interpreted by the U. S. Supreme Court, there is reserved to the states the power to determine the standards under which a child is 'needy.' It appears to the court that the state's contention in this regard is well-founded. The prime authority cited for this point is *Burns* v. *Alcala,* 420 U.S. 575 (1975). Therein the court said (in dealing with a different factual situation) at page 578:

" 'The Court has held that . . . federal participation in state AFDC programs is conditioned on the State's offering benefits to all persons eligible under federal standards. The State must provide benefits to all individuals who meet the federal definition of "dependent child" and who are "needy" under state standards, unless they are excluded or aid is made optional by another provision of the Act.'

"Other U. S. Supreme Court decisions asserting that the state may determine who is 'needy' are *King* v. *Smith,* 392 U.S. 309, 318-319 (1967), and *Dandridge* v. *Williams,* 397 U.S. 471, 478 (1969.)

"Taking its clue from these cases, the State of California had determined that a child receiving benefits under SSI is not 'needy,' another requisite for AFDC eligibility. The court agrees with the essence of defendant's theory, that is, that a state may determine who is 'needy,' but believes that the state's power in this regard is subject to any limitations and qualification required by federal law. It is well established that a state participating in the AFDC program must meet the requirements of federal law. See *Burns* v. *Alcala, supra, King* v. *Smith, supra,* and *Rodriguez* v. *Vowell,* 472 F.2d 622, 624 (5 Cir., 1973), among other authorities.

"Accordingly, the state's power to determine whether or not a child receiving SSI is 'needy,' so as to qualify a family for AFDC, depends on whether federal law and regulation implementing that law circumscribe the state's power to declare as not 'needy' a child receiving SSI. It is necessary, therefore, to turn to federal statutory law and regulations interpreting that law.

"The principal statutory provision effecting [*sic*] this case is found in 42 USC § 602(a)(7) and (24). The pertinent statutory language appears to be as follows:

'(a) A State plan for aid and services to needy families with children must . . . (7) . . . provide that the State agency shall, in determining need, take into consideration any other income and resources of any child or relative claiming aid to families with dependent children . . .; (24) provide that if an individual is receiving benefits under subchapter XVI of this chapter [SSI], then, for the period for which such benefits are received, such individuals shall not be regarded as a member of a family for purposes of determining the amount of the benefits of the family under this subchapter and his income and resources shall not be counted as income and resources of a family under this subchapter; . . .'

"It is noted that subsection (7) gives power and direction to the state to count the child's income in with the rest of the family's income to determine eligibility for the AFDC program. It must be determined whether subparagraph (24) of section 602 has the effect of qualifying the state's ability to declare that a child receiving SSI is not 'needy.' The court is of the opinion that subsection (24) is ambiguous in this respect, but that the better interpretation is that the state's ability to declare as 'not needy' a child receiving SSI is preempted by subsection (24). In essence, subsection (24) states that a child receiving SSI 'shall not be regarded as a member of the family for purposes of determining the amount of the benefits of the family.' In short, if there was a family unit of two (consisting of a 'caretaker relative,' usually an impecunious mother) and a dependent and needy child, the grant of benefits shall be limited to a family unit of one (that is, the 'caretaker relative'). The next clause seems determinative. It says that 'his (the SSI child recipient) income and resources shall not be counted as income and resources of the family under this subchapter.' The state argues that the effect of the just-quoted phrase is merely to cause the amount of any SSI payment not to be counted as income for determining eligibility, but has no effect on determining whether a child is 'needy.' Under the state's interpretation, the just-quoted phrase would only apply after there is first determined that there is an eligible AFDC family, which includes a 'needy child.'[6] Under the state's interpretation, therefore, the just-quoted clause only applies in determining the amount of any award under AFDC to an eligible family. However, it seems to the court that the more likely correct interpretation is that subsection (24) talks not only about calculation of the amount of an AFDC grant, but also about whether a child should be determined to be 'needy.' The latter interpretation is supported by HEW itself in two sources. First, in 1977, HEW published its own interpretation in 'Action Transmittal' AT-77-45, apparently a type of bulletin wherein HEW gives advice to state participants in the AFDC program. The 'Action Transmittal' expressly adopts plaintiff's interpretation, to wit, that

---

[6]We note in passing that in their brief, without reference to the record, respondents suggest appellant draws a distinction respecting AFDC benefits where the caretaker relative receives SSI, in that instance first including the caretaker in the family unit to determine eligibility, then excluding him or her to establish need and AFDC grant level.

subsection (24) only requires the amount of SSI to be deducted, but does not prevent the 'family unit' from qualifying for AFDC.

"The defendant points out that the so-called 'Action Transmittal' interpretation is not embodied in regulations and is, therefore, not binding on the state. Defendant concedes that a properly adopted federal regulation would be binding on California were there one adopted. In this respect it may be noted that the Department of HEW has given notice that it does intend to publish regulations making it clear that the only child or children's receipt of SSI may not be taken to justify denial of AFDC (Exhibit C); however, the regulation has not yet been adopted. However, another regulation does affect the determination as to whether the federal government has occupied the field with respect to dependent children receiving SSI. Code of Federal Regulations, Title XXXXV, section 233.20(a), dealing with determination of need, affects the question. It provides in pertinent part as follows: 'A State Plan for . . . AFDC . . . must . . . [p]rovide that individuals receiving SSI benefits under Title XVI for the period for which such benefits are received, shall not be included in the AFDC assistance unit for purposes of determining need and the amount of the assistance payment. . . . [and must] specify a statewide standard, expressed in money amounts, to be used in determining (*a*) the need of the applicants and recipients and (*b*) the amount of the assistance payment.'

"Thus the regulations make it clear that HEW has taken the position that subparagraph (24) set forth earlier in this memorandum deals with the determination of need as well as the calculation of benefits. The regulations further make it clear that a need standard must be expressed in a dollar amount and not a categorical exception based upon a status (i.e., receipt of SSI).

"In addition, two federal trial court decisions, not published, bear on the question. They are *McGranahan* v. *Whalen,* No. 76-377 (District Court for the District of New Hampshire); and *Udell* v. *Page,* No. 78-849 (District Court for the Middle District of Florida). . . . In each case, the district court held that section 602(a)(24) was to be construed as preventing a state from making a family ineligible for AFDC where the sole or only children in the family were also receiving [SSI]. This court's decision is in accord with those federal court decisions.

"Accordingly, this court's determination is that, while accepting defendant's major premise that a state may determine the definition of a 'needy child,' the state may only do so where not otherwise limited by federal law. The court finds that the proper construction of federal law does, in the circumstances of this case, preclude the state from denying AFDC to families where the sole or only children also receive SSI.

"The result of this determination is that mandate must issue in the cases of the individual plaintiffs requiring a redetermination of the individual plaintiff's right to AFDC based upon the above holding. In the class action aspects of this case, the court contemplates that declaratory and injunctive relief will be necessary prospectively, and has stated to counsel its determination as to the extent to which back benefits may be recovered by members of the class." (See fn. 4.)

Having in this fashion provided the reasoning supporting our determination to affirm the trial court's judgment, we address further that portion of the latter requiring retroactive application only insofar as to observe it is clear to us from both statutory and decisional law that the named (see Welf. & Inst. Code, § 10961; *Bd. of Soc. Welfare* v. *County of L. A.* (1945) 27 Cal.2d 81, 85-86 [162 Cal.Rptr. 630]) and unnamed members of the class herein (see *Hypolite* v. *Carleson* (1975) 52 Cal.App.3d 566, 584 [125 Cal.Rptr. 221]) are entitled to such retroactive relief,[7] since ". . . [T]he provisions for appeal to the . . . [State Department of Social Services] and for 'the payments, if awarded, to commence from the date the applicant was first entitled thereto' [see Welf. & Inst. Code, § 10961] likewise subserve a clear public purpose by securing to those entitled to aid the full payment thereof 'from the date . . . [they were] first entitled thereto' regardless of errors or delays by local authorities. It was the mandatory duty of the county to furnish aid according to the plan therefor which is laid down by the applicable provisions of the Welfare and Institutions Code. [Citations.] The obligation to pay became a debt due from the county to the applicant as of the date the latter was first entitled to receive the aid. [Citation.]." (*Bd. of Soc. Welfare* v. *County of L. A., supra,* 27 Cal.2d 81 at pp. 85-86.)

The judgment appealed from is affirmed.

Compton, J., and Gates, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 16, 1983. Mosk, J., and Richardson, J., were of the opinion that the petition should be granted.

---

[7]Appellant's argument respecting retroactivity is framed categorically, without reference to any subsidiary contention the particular date selected in connection therewith, i.e., January 27, 1975, (see fn. 4) is inappropriate. That date is derived from the statute of limitation found in 42 United States Code section 1983, being three years prior to the date of the filing of respondent's action herein.